United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

| | |
|---|---|
| In Re:<br>Reiss Wilks<br>    Debtor | BCN#: 19-30148-KRH<br>Chapter: 13 |

Nationstar Mortgage LLC d/b/a Mr. Cooper
or present noteholder,
    Movant/Secured Creditor,
v.
Reiss F Wilks
    Debtor
Carey Wilks
    Codebtor
and
Carl M. Bates
    Trustee
    Respondents

### Consent Order Modifying Automatic Stay

This matter was before the court on June 26, 2019, on the motion of Nationstar Mortgage LLC d/b/a Mr. Cooper, for relief from the automatic stays of 11 U.S.C. §362(a) and 1301(a) to permit the Movant to commence foreclosure proceedings in accordance with applicable state law and pursuant to the terms of the Deed of Trust securing the Movant with respect to the real property designated as 4213 Kingcrest

Gregory N. Britto, Esquire
VSB #23476
Malcolm B. Savage, III, Esquire
VSB #91050
William M. Savage, Esquire
VSB #26155
Thomas J. Gartner, Esquire
VSB #79340
Mary F. Balthasar Lake, Esquire
VSB #34899
Renee Dyson, Esquire
VSB #93282
Nicole McKenzie, Esquire
VSB #93990
Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320
(703) 449-5800
19-281041

Parkway, Richmond, VA 23221 and more particularly described as follows:

> ALL that certain lot or parcel of land, with improvements thereon and appurtenances thereto belonging, in the City of Richmond, Virginia, known as 4213 Kingcrest Parkway, described as follows:
> BEGINNING at a point on the southern line of Kingcrest Parkway, which point is 496.65 feet in an easterly direction from a point at the intersection of the eastern line of Woodlawn Avenue and the southern line of Kingcrest Parkway; then along the southern line of Kingcrest Parkway in an easterly direction 50 feet to a point; then extending back from the southern line of Kingcrest Parkway in a southerly direction between parallel lines 160 feet to an alley 19 feet wide. Such parcel of land is also known as Lot 11, Block 9, Subdivision D, Grove Avenue Crest, map of which is recorded in the Clerk's Office, Circuit Court, Henrico County, Virginia, in Deed Book 239-C, Page 6.
> BEING the same real estate conveyed to Reiss F. Wilks and Carey L. Wilks, husband and wife, as tenants by the entirety with the right of survivorship as at common law, by deed from William D. Rusher and Helen W. Rusher, husband and wife, dated January 13, 1997, recorded January 17, 1997, in the Clerk's Office, Circuit Court, City of Richmond, Virginia, as Instrument No. 97-1223.

Upon consideration of which, it is **ordered:**

1. The debtor will resume making regular monthly installment payments in the amount of $2,517.66 as they become due commencing on 07/01/19.

2. The debtor will cure the post-petition arrearage currently due to the movant through 06/01/19 in the total amount of $13,619.30, which includes payments from February 1, 2019 to June 1, 2019 in the amount of $2,517.66 each, attorney fees in the amount of $850.00, filing fees in the amount of $181.00, by making the following payments:

    a. $2,269.88 on or before 07/15/19
    b. $2,269.88 on or before 08/15/19
    c. $2,269.88 on or before 09/15/19
    d. $2,269.88 on or before 10/15/19
    e. $2,269.88 on or before 11/15/19
    f. $2,269.88 on or before 12/15/19

3. It is further ordered and agreed that in the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time

as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;
    b. The date and amount of each payment missed and any late charge or other fees necessary to cure default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. Cure the default
        ii. File an objection with the court stating that no default exists; or
        iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and;
    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver

of any default.

  6. The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

  7. Should the Debtor default pursuant to the terms herein contained, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $100.00 for issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

| | |
|---|---|
| Jun 27 2019 | /s/ Kevin R Huennekens |
| Date | The Honorable Kevin R Huennekens, U.S. Bankruptcy Court |
| | United States Bankruptcy Judge |
| | Notice of Judgment or Order Entered on Docket  Jun 28 2019 |

I ask for this:

/s/ Nicole McKenzie
Gregory N. Britto, Esquire
William M. Savage, Esquire
Malcolm B. Savage, III, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Renee Dyson, Esquire
Nicole McKenzie, Esquire
Counsel for Movant

Seen & Agreed:


/s/ David K. Spiro, with express permission
David K. Spiro, Counsel for Debtor(s)

Seen:


/s/ Carl M. Bates, with express permission

Carl M. Bates, Trustee

I certify that I have served the proposed Order upon all necessary parties to the action by first class mail, postage prepaid, on the 19th day of June, 2019.

/s/ Nicole McKenzie
Gregory N. Britto, Esquire
William M. Savage, Esquire
Malcolm B. Savage, III, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Renee Dyson, Esquire
Nicole McKenzie, Esquire
Counsel for Movant

        Copies are to be sent to:

Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320

David K. Spiro
Spiro & Browne, PLC
6802 Paragon Place, Suite 410
Richmond, VA 23230

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218

Reiss F Wilks
4213 Kingcrest Pkwy
Richmond, VA 23221

**CERTIFICATION**

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

/s/ Nicole McKenzie
Gregory N. Britto, Esquire
William M. Savage, Esquire
Malcolm B. Savage, III, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Renee Dyson, Esquire
Nicole McKenzie, Esquire
Attorney for Movant

**CERTIFICATION**

Pursuant to Local Rule 9022-1(C), I hereby certify that all necessary parties have endorsed the above order.

/s/ Nicole McKenzie
Gregory N. Britto, Esquire
William M. Savage, Esquire
Malcolm B. Savage, III, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Renee Dyson, Esquire
Nicole McKenzie, Esquire
Attorney for Movant

19-281041